IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:14CV3038 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| $5,548.00 IN UNITED STATES | ) | |
| CURRENCY , | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This civil forfeiture action was filed on February 12, 2014.  The defendant property is $5,548.00 in United States currency that police seized on July 5, 2013, while executing a search warrant at the residence of Samuel McCray in Lincoln, Nebraska.

On March 5, 2014, Samuel McCray was personally served with a copy of the complaint and was notified that he had 30 days (*i.e.*, until April 4, 2014) to file a verified claim and 21 days thereafter to answer the complaint.  No claim or answer has been filed.

On April 21, 2014, the Assistant United States Attorney who is handling the case, Nancy Svoboda, was contacted by Brett McArthur, a Lincoln attorney, who stated that he was representing Samuel McCray in state-court criminal case which is related to this forfeiture action. According to Mr. McArthur, during this conversation he "requested that [he] be given additional time to file a claim and an answer to the complaint for forfeiture, and Ms. Svoboda agreed that [he] could have some additional time." (McArthur affidavit (filing 15-1), ¶ 2.)  Mr. McArthur states that he also

"explained that we felt we had a meritorious defense and [he] generally outlined what [he] believed the evidence would be."  (*Id.*)[1]

Ms. Svoboda recalls the conversation differently.  She states: "Mr. McArthur asked if there was anything we could do to settle/mitigate this forfeiture action. I told him to file a motion requesting authority to file a claim and an answer out of time. I told him he could not tell the Court I consent. I told him if the Court allowed the late filing, I would move to stay this civil forfeiture case, pending the resolution of the related criminal case. Mr. McArthur thanked me and said he would get that on file right away." (Svoboda affidavit (filing 18-1), ¶ 5.)

Ms Svoboda continues: "No such request had been filed as of May 5, 2014. On that date, I telephoned Mr. McArthur's office, to follow up with our last conversation. I left Mr. McArthur a voice mail message asking him to call me back. As of May 7, 2014, he had not returned my phone call." (Svoboda affidavit, ¶ 6.)

On May 8, 2014, Ms Svoboda filed a motion for entry of default and served a copy of the motion on Samuel McCray (filing 10). Default was entered by the clerk the following day (filing 12). On May 13, 2014, Ms. Svoboda filed a motion for entry of default judgment and served a copy of the motion on Samuel McCray (filing 13).

---

[1] Mr. McArthur explains: "We anticipate the evidence at the hearing will be that Mr. McCray was having his bank account garnished due to a child support enforcement order. After the garnishment, Mr. McCray [withdrew?] additional funds to prevent them from being seized. Mr. McCray's bank records will show that he had withdrawn thousands of dollars from his account in the months leading up to his arrest. We further anticipate evidence establishing that the money in question was found, by the police, in a Great Western Bank envelope. Finally, we expect to prove that the alleged drug buy money was not located in the same place in Mr. McCray's residence as the money which is the subject of this action." (McCray supporting brief (filing 16), p. 3.)

Ten days later, on May 23, 2014, the court granted the motion and entered a default judgment and decree of forfeiture (filing 14).

On June 2, 2014, Mr. McArthur filed a motion on behalf of Samuel McCray to set aside the default judgment and decree of forfeiture (filing 15). Mr. McArthur states that the failure to file a verified claim and answer was "[d]ue to an oversight" on his part and was "not the fault of [his] client (McCray supporting brief, p. 1; McArthur affidavit, ¶ 3.)  Mr. McArthur also states that he has "contacted the bank where the records are located and [has] attempted to ascertain the name of the records custodian, and that process [was] not completed [as of June 2, 2014]." (McArthur affidavit, ¶ 3.)

*Discussion*

To contest the forfeiture of property named as a defendant in a civil forfeiture action *in rem*, a claimant must proceed "in the manner set forth in the Supplemental Rules [for Admiralty or Maritime Claims and Asset Forfeiture Actions, a subset of the Federal Rules of Civil Procedure]." 18 U.S.C. § 983(a)(4)(A). In particular, Rule G(5) of the Supplemental Rules sets out the following procedural requirements:

> (5) Responsive Pleadings.
>     (a) Filing a Claim.
>         (i) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>             (A) identify the specific property claimed;
>             (B) identify the claimant and state the claimant's interest in the property;
>             (C) be signed by the claimant under penalty of perjury; and
>             (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).
>         (ii) Unless the court for good cause sets a different time, the claim must be filed:
>             (A) by the time stated in a direct notice sent under Rule G(4)(b) ....

-3-

\*\*\*

(b) Answer. A claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. ...

Supp. R. Fed.R.Civ.P. G(5).

"In requiring a claimant to follow these procedures, the Supplemental Rules 'ensur[e] that putative claimants come forward as quickly as possible after the initiation of forfeiture proceedings so that the court may hear all interested parties and resolve the dispute without delay.'" *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 664 F.Supp.2d 97, 101 (D.D.C. 2009) (quoting *United States v. Funds From Prudential Secs.*, 300 F.Supp.2d 99, 104 (D.D.C. 2004) (referring to Supplemental Rule G(5)'s predecessor, Supplemental Rule C(6)). "Courts generally expect claimants to strictly adhere to [the] requirements" of the Supplemental Rules. *Id.*; *see also United States v. Three Parcels of Real Property*, 43 F.3d 388, 391 (8th Cir. 1994) ("We have repeatedly held that district courts may require claimants in forfeiture proceedings to comply strictly with Rule [G(5)] in presenting their claims to the court.") (referring to predecessor Rule C(6)).

Indeed, "a claimant's failure to strictly adhere to Supplemental Rule [G(5)] precludes the requisite statutory standing to contest a government forfeiture action." *United States v. Currency $267,961.07*, 916 F.2d 1104, 1108 (6th Cir. 1990) (addressing previous version of Supplemental Rules); *see also United States v. Real Properties and Premises*, 521 Fed. Appx. 379, 384, 2013 WL 1316035, \*5 (6th Cir. 2013) ("To have standing, a claimant must comply strictly with Supplemental Rule G(5).")), *cert. denied*, *Butler v. United States*, 134 S.Ct. 1338 (2014); *United States v. $102,535.00 in U.S. Currency*, 499 Fed. Appx. 134, 136, 2012 WL 4460748, \*2 (3rd Cir. 2012) ("We have emphasized that forfeiture claimants must strictly adhere to the filing requirements to perfect statutory standing.").

-4-

4:14-cv-03038-RGK-CRZ   Doc # 19   Filed: 08/14/14   Page 5 of 7 - Page ID # 50

Rule 60(b) of the Federal Rules of Civil Procedure authorizes a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for specified reasons.  Samuel McCray is not a party to this action because he has not filed a verified claim as required by Supplemental Rule G(5). He therefore lacks standing to seek relief under Rule 60(b).  *See United States v. Duke*, 229 F.3d 627, 629 (7th Cir. 2000) (property owner who failed to file a claim "never became a party to the forfeiture action ... and so has no standing to seek relief from the judgment under Fed.R.Civ.P. 60(b)"), *superseded on other grounds by* 18 U.S.C. § 983(e)(3); *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1998) (property owner's "failure to comply with the requirements of Supplemental Rule C(6) precludes him from establishing standing as a party to the forfeiture action."); *United States v. 8136 S. Dobson Street, Chicago, Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997) (absent the filing of a verified claim the putative claimant is not a party to the action and cannot obtain relief under Rule 60(b)); *see also United States v. $487,825.000 in U.S. Currency*, 484 F.3d 662, 664 (3rd Cir. 2007) (putative claimant who filed a late, unverified claim lacked statutory standing to intervene in the action to object to government's motion for entry of default judgment).

Moreover, even if Samuel McCray might have standing to attempt to set aside the default judgment, his motion is not supported by a sufficient showing. "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c). "Rule 60(b) allows a court to set aside a default judgment if there is mistake, inadvertence, surprise, or excusable neglect." *United States v. 2005 Chrysler 300C, VIN2C3AA63HX5H631206*, 382 Fed.Appx. 531, 532, 2010 WL 2539452, *1 (8th Cir. 2010)*. "Although the same factors are typically relevant in deciding whether to set aside entries of default and default judgments, '[m]ost decisions ... hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order.'" *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783-84 (8th Cir. 1998) (quoting *Connecticut Nat'l Mortgage Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir.1990)).

-5-

"The term 'excusable neglect' in this context is generally understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (internal quotations omitted). "To be excusable, however, the neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules." *Id.* (citing *Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir. 1997)).

Whether a party's neglect of a deadline is excusable "is an equitable decision turning on all relevant circumstances surrounding the party's omission." *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th Cir. 2000) (internal quotation marks and citations omitted).  The factors to be considered include "the danger of prejudice to the [plaintiff], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [Rule 60(b) ] movant, and whether the movant acted in good faith." *Johnson*, 140 F.3d at 784 (8th Cir. 1998) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993)). Whether the defaulted party appears to have any meritorious defenses is also a relevant factor. *See Union Pacific R. Co. v. Progress Rail Services Corp.*, 256 F.3d 781, 783 (8th Cir. 2001).

In this case, no showing has been made as to (1) why Samuel McCray missed the April 4th deadline for filing a claim in this matter, (2) why his attorney neglected to file a motion for extension of time (or a late claim and answer) with the court after speaking with Ms. Svoboda on April 21st, or (3) why no motion was filed to set aside the default that was entered by the clerk on May 9th. In fact, it has only been shown that Mr. McArthur contacted Great Western Bank at some unknown date and had not learned the identity of its  records custodian as of June 2nd, when the pending motion was filed. This showing is not sufficient to establish excusable neglect. While Mr. McArthur accepts responsibility for failing to file a timely claim and answer, "[i]t is generally held that 'excusable neglect' under Rule 60(b) does not include ignorance

or carelessness on the part of an attorney." *Noah*, 408 F.3d at 1045 (citing *Hunt v. City of Minneapolis*, 203 F.3d 524, 528 n. 3 (8th Cir. 2000); *Hoffman v. Celebrezze*, 405 F.2d 833, 835 (8th Cir. 1969)).

For the foregoing reasons,

IT IS ORDERED that Samuel McCray's motion to set aside default judgment (filing 15) is denied.

August 14, 2014.                    BY THE COURT:

                                    *Richard G. Kopf*
                                    Senior United States District Judge